UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO: |
| Plaintiff | : | JUDGE |
| vs. | : | INFORMATION |
| MELISSA J. RADUNE | : | 18 U.S.C. §2 |
| | | 18 U.S.C. §1347 |
| Defendant. | : | |

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information:

## I. INTRODUCTION

1) In 1994, **DEFENDANT MELISSA J. RADUNE (DEFENDANT RADUNE)** was licensed as a registered nurse with the Ohio Board of Nursing, and from May 20, 2001 until December 27, 2013, **DEFENDANT RADUNE** was employed as a nurse with the United States Department of Veteran's Affairs (VA) in Chillicothe, OH.

## II. VICTIM HEALTH CARE BENEFIT PROGRAM (DOL-OWCP)

2) The information provided in this section describes the victim health care benefit program and serves as the Fed. R. Crim. P. 12.4 Disclosure Statement.

3) The United States Department of Labor Office of Workers' Compensation Program ("DOL-OWCP"), was a health care benefit program as defined in 18 U.S.C. §24(b) and administered the federal workers' compensation program which provided certain benefits, including health care benefits and wage loss replacement, to federal employees who sustained a work-related injury. *See* 5 U.S.C. §§ 8101, *et seq.* All providers were required to enroll with DOL-OWCP through its designated bill processing agent and were able to submit their claims

1

for payment under their issued provider number. The Federal Employees' Compensation Act (FECA) was contained in 5 U.S.C. §§ 8101 through 8193 and was administered by DOL-OWCP.

4) FECA provided compensation benefits (including medical and health benefits) to civilian employees of the United States for disability due to personal injury sustained while in the performance of their duties and covered all medical expenses to include prescription drugs, rehabilitation services, medical tests, physical therapy, and medical supplies and equipment.

5) Under FECA, employees were entitled to receive, free of charge, all medical services, appliances or supplies, and prescription drugs which a qualified physician prescribed or recommended and which the DOL-OWCP considered necessary to treat the work-related injury. The injured employee was also entitled to receive financial compensation to replace wages lost due to the injury. Employees could be reimbursed for out-of-pocket expenses incurred for qualifying medical services or items by submitting Form OWCP-915 (Form 915) and providing proof of payment, including cash receipts, canceled checks or credit card slips. Form-915 required a certification from the employee that the information on Form-915 was correct and that the reimbursement requested was for expenses paid by the claimant for covered conditions.

6) DOL-OWCP did not pay for items or services that were never rendered, not medically necessary or paid for by another health care benefit program.

### III.  THE HEALTH CARE FRAUD SCHEME

7) Beginning on or about February 2, 2015, and continuing through on or about September 23, 2021, in the Southern District of Ohio, **DEFENDANT RADUNE,** knowingly and willfully executed a scheme to defraud a health care benefit program as defined in 18 U.S.C. §24(b), that is the DOL-OWCP, in connection with the delivery of, or payment for, health care benefits,

items or services, by submitting claims or causing claims to be submitted for prescription drugs that were never provided or were paid for by another health care benefit program.

8) It was part of the scheme that **DEFENDANT RADUNE** would routinely submit Form -915 for prescription drugs, including Zyflo, Zileuton and Xolair, to DOL-OWCP, that falsely stated that she personally incurred expenses for the drugs.

9) It was further part of the scheme that **DEFENDANT RADUNE** would attach fraudulent homemade receipts that supported her fraudulent claims for payment.

10) It was further part of the scheme that **DEFENDANT RADUNE** submitted Form-915 and receipts for reimbursement from DOL-OWCP when she had either not received the drugs or the drug had been paid for by her husband's health care benefit plan.

11) The total amount of fraudulent claims submitted by **DEFENDANT RADUNE** as a result of the health care fraud scheme was $932,160.87.

**All in violation of 18 U.S.C. §1347 and §2.**

KENNETH L. PARKER
UNITED STATES ATTORNEY

s/Kenneth F. Affeldt
KENNETH F. AFFELDT (0052128)
Assistant United States Attorney